# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAUN LEE | CIVIL ACTION |
| VERSUS | |
| L'AUBERGE CASINO & HOTEL | NO.: 16-00840-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 9)** filed by Sheriff Sid Gautreaux III and the **Motion to Dismiss (Doc. 23)** filed Deputy Sheriff James Jamison ("Defendants"). Shaun Lee ("Plaintiff") filed oppositions, (Docs. 7 and 25), and replies, (Docs. 26 and 38). For the following reasons, the **Motion to Dismiss (Doc. 9)** filed by Sheriff Gautreaux is **GRANTED IN PART AND DENIED IN PART**, and the **Motion to Dismiss (Doc. 23)** filed by Deputy Jamison is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

Plaintiff alleges that on December 5, 2015, he had an argument with another patron while at a poker table at the L'Auberge Casino & Hotel Baton Rouge. (Doc. 13 at ¶ 4). Casino employees then chased him from the premises, and when Plaintiff arrived at the casino parking lot, Deputy Jamison ordered him to stop. *Id.* at ¶ 4-5. Plaintiff alleges that he immediately stopped and put his hands in the air, but Deputy Jamison slammed him to the ground, fracturing his wrist. *Id.* at ¶ 6-7.

1

Plaintiff brought claims under 42 U.S.C. §§ 1983 and 1343, the Eighth and Fourteenth Amendments to the United States Constitution, and Louisiana law. *Id.* at ¶ 2. Plaintiff claims that Defendants are liable for: assault, battery (excessive force), failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, false arrest/imprisonment, malicious prosecution, deliberate indifference, and failure to train, screen and supervise. *Id.* at ¶ 8. Plaintiff also claims that Sheriff Gautreaux is liable under a theory of *respondeat superior*. *Id.* at ¶ 9. Plaintiff also seeks punitive damages under § 1983. *Id.* at ¶ 12.

Plaintiff filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge on November 10, 2016, naming Sheriff Gautreaux and L'Auberge Casino & Hotel Baton Rouge as defendants. (Doc. 1-1). On December 13, 2016, L'Auberge Casino & Hotel removed the case to this Court under 28 U.S.C. § 1441, (Doc. 1), and Sheriff Gautreaux later consented to removal. (Doc. 2). On January 10, 2017, L'Auberge Casino & Hotel filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 4). Three days later, Sheriff Gautreaux filed a Motion to Dismiss. (Doc. 5).¹ Plaintiff then filed an Amended Complaint and substituted Pinnacle Entertainment Inc. ("Pinnacle") for L'Auberge Casino & Hotel as a defendant. (Doc. 8). Sheriff Gautreaux filed a Motion to Dismiss the Amended Complaint. (Doc. 9). The Magistrate Judge then ordered Plaintiff to file a Motion to Substitute his Amended Complaint with a Comprehensive Amended Complaint.

---

¹ This Motion is moot because after Plaintiff filed an Amended Complaint, (Doc. 8), Sheriff Gautreaux filed another Motion to Dismiss, which incorporated the defenses raised in his first Motion to Dismiss, (Doc. 9).

2

(Doc. 14). Plaintiff thereafter filed a Comprehensive Amended Complaint, naming East Baton Rouge Sheriff's Deputy James Jamison, as an additional defendant. (Doc. 16). Deputy Jamison then filed a Motion to Dismiss under Rule 12(b)(6). (Doc. 23). The Magistrate ordered Pinnacle and Sheriff Gautreaux to file a supplemental memorandum in support of their pending motions to dismiss, or to withdraw the motions if Plaintiff's Comprehensive Amended Complaint resolved the issues raised in the motions. (Doc. 27). Pinnacle withdrew its Motion to Dismiss, (Doc. 35), and Sheriff Gautreaux filed a supplemental memorandum in support of its previously filed Motion to Dismiss, (Doc. 36).[2]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] Based on this supplemental memorandum, the Court will construe Sheriff Gautreaux's Motion to Dismiss, (Doc. 9), as a Motion to Dismiss the Comprehensive Amended Complaint, (Doc. 13).

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff's § 1983 Official Capacity Claims

A § 1983 suit against a government official, like a police officer, in his official capacity cannot be based on a theory of vicarious liability. *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999). Rather, under § 1983, liability for a government official sued in his official capacity requires proof of: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017) (internal citation omitted). Further, "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff[,]" in order for the necessary determination to be made on the policy's relative constitutionality." *Piotrowski v. Houston*, 237 F.3d 567, 579-80 (5th Cir. 2001).

4

1. **Sheriff Gautreaux**

Plaintiff alleges that Sheriff Gautreaux is liable under § 1983 because Deputy Jamison was acting under the direction of the Sheriff at the time of the alleged incident. (Doc. 13 at ¶ 10). It is well-established that official capacity suits cannot be based on vicarious liability. *Alton*, 168 F.3d at 200. Plaintiff also alleges that Sheriff Gautreaux is liable because he failed to properly train, supervise, and screen his employees, and failed to enforce the laws of the United States and Louisiana. (Doc. 13 at ¶ 13). Beyond conclusory allegations Plaintiff, however, has not adequately plead facts that evince a failure to train or supervise claim. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's official capacity claims against Sheriff Gautreaux are dismissed.

2. **Deputy Jamison**

Although it is unclear whether Plaintiff has brought an official capacity claim against Deputy Jamison, to the extent he has, these claims will be dismissed. Plaintiff has not alleged that Deputy Jamison is a policymaker. And moreover, he has not identified a specific policy or custom that led to any alleged constitutional violations. Plaintiff's official capacity claims against Deputy Jamison are dismissed.

B. **Plaintiff's § 1983 Individual Capacity Claims**

Plaintiffs suing governmental officials in their individual capacities, must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Plaintiffs "must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. Vicarious liability is inapplicable to § 1983 actions. *Id.* In other words an official must be personally involved in a constitutional violation to state a claim for relief.

Qualified immunity also shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome a qualified immunity defense, a plaintiff must allege a violation of a constitutional right and show that "the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). And yet, "[e]ven if the government official's conduct violates a clearly established right, the official is entitled to immunity if his conduct was objectively reasonable." *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008). It is well-established within the Fifth Circuit that "[w]hen a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

### 1. Sheriff Gautreaux

Plaintiff's complaint lacks sufficient allegations to state a claim for relief against Sheriff Gautreaux in his individual capacity under § 1983. Plaintiff does not allege that his individual actions led to a constitutional violation. To the contrary, he alleges that Deputy Jamison caused Plaintiff's injuries by slamming him to the

ground after being ordered to stop. (Doc. 13 at ¶ 7). Plaintiff also alleges that Sheriff Gautreaux is liable based on vicarious liability, *Id.* at ¶ 9, however, vicarious liability is inapplicable to § 1983 actions, *Ashcroft*, 556 U.S. at 676. The individual capacity claims against Sheriff Gautreaux are dismissed.

2.  **Deputy Jamison**

Although Plaintiff does not specifically state which of his myriad of claims are brought under § 1983, the only claims that may implicate the civil rights statute are his false arrest, false imprisonment, and excessive force claims.[3] To state a claim for false arrest under § 1983, a plaintiff "must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 207 (5th Cir. 2009). An arrest requires "either physical force . . . [or] submission to the assertion of authority." *California v. Hodari D.*, 499 U.S. 621, 626 (1991). Probable cause exists when "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Piazza v. Mayne*, 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). A person who is falsely arrested is also falsely imprisoned. *Whirl v. Kern*, 407 F.2d 781, 790 (5th Cir. 1968).

---

[3] Plaintiff also alleges Eighth Amendment violations. (Doc. 16-1 at ¶ 2). However, the Eighth Amendment does not apply to pretrial detainees; it applies to convicted prisoners. *See Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). These claims are dismissed.

7

Even though Plaintiff does not specifically allege that he was arrested, the Court infers that he was arrested because Plaintiff alleges that Deputy Jamison slammed him to the ground. (Doc. 13. at ¶ 7). As the Supreme Court held in *Hodari D.*, an arrest requires either physical force or submission to a show of authority. Slamming someone to the ground certainly qualifies as physical force. Plaintiff also alleges facts showing that Deputy Jamison lacked even arguable probable cause to arrest him. Plaintiff alleges that he was slammed to the ground after having an argument inside the casino with another person and then casino employees chased him from the premises. (Doc. 13 at ¶ 4-5). However, in his motion, Deputy Jamison does not point to a specific crime that Plaintiff allegedly committed, and the Court is not aware of any crime, based on the facts offered by the parties at this stage of the case, that Plaintiff arguably committed. Thus, the Court is satisfied that Plaintiff has sufficiently stated a claim for possible false arrest and false imprisonment.

An excessive force claim brought under § 1983 is a constitutional claim analyzed through the Fourth Amendment's "objective reasonableness" standard for unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 388 (U.S. 1989). To overcome qualified immunity on a claim of excessive force, "a plaintiff must show that he was seized and that he 'suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). When gauging the reasonableness of an officer's actions, courts must consider: "the severity of the

crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Plaintiff alleges that he fully complied when Deputy Jamison ordered him to stop and that he immediately put his hands in the air, but Deputy Jamison nonetheless slammed him to the ground causing him to fracture his wrist. (Doc. 13 at ¶ 5-7). Defendant argues that these facts are not enough to state a claim for excessive force because Plaintiff did not plead any facts regarding his own conduct or the circumstances surrounding the alleged use of force. (Doc. 23-1 at p. 13). But a complaint need only lay out "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Defendants will be entitled to produce evidence on summary judgement, if they so choose, to provide further context for the circumstances surrounding the alleged use of force. Considering Plaintiff's allegations, it does not appear that he posed an immediate threat to Deputy Jamison's safety and he was not resisting arrest because he allegedly cooperated. An officer uses excessive force, when he allegedly slams a fully compliant person to the ground. Here, Plaintiff has adequately stated a claim for excessive force, as required under § 1983.

### C. Plaintiff's State Law Claims

Plaintiff alleges the following claims under Louisiana law: (1) assault; (2) battery (excessive force); (3) failure to provide medical attention; (4) negligent and

intentional infliction of emotional distress; (5) cruel treatment[4]; (6) false arrest/imprisonment; and (7) malicious prosecution; (8) deliberate indifference. (Doc. at ¶ 8).

### 1. Excessive Force/ Assault and Battery

Louisiana's excessive force tort is similar to the federal constitutional counterpart. "The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result." *Kyle v. City of New Orleans*, 353 So.2d 969, 972 (La. 1977). "Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case[.]" *Id.* at 973. For the reasons previously offered in the Court's analysis of the § 1983 excessive force claim, the Court concludes that Plaintiff states a claim under Louisiana law for excessive force/ assault and battery.

### 2. Failure to Provide Medical Attention

A police officer owes a duty to a person while in his custody to protect him from injury and to care for his safety. *Evans v. Hawley*, 559 So. 2d 500, 504-05 (La. Ct. App. 1990). This includes "the duty of an arresting officer" to provide reasonable medical care to anyone in their custody "if and when his mental and/or physical condition discloses the need of such services." *Id.* at 505 (internal citation omitted). Here, although Plaintiff alleges that Deputy Jamison slammed him to the ground fracturing his wrist, he does not allege that Deputy Jamison was aware that Plaintiff

---

[4] The Court is not aware of a Louisiana tort of "cruel treatment" or "deliberate indifference" nor has the Plaintiff pointed to any authority regarding these torts. These claim are therefore dismissed.

required medical care, Plaintiff sought medical care of any kind, or that Deputy Jamison failed to provide Plaintiff with medical care. (Doc. 13). Thus, the failure to provide medical attention claim is dismissed.

    3.    **Negligent and Intentional Infliction of Emotional Distress**

The elements of intentional infliction of emotional distress, include: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). "Liability arises only where the mental suffering or anguish is extreme." *Id.* at 1210. "The distress suffered must be such that no reasonable person could be expected to endure it." *Id.* A claim of negligent infliction of emotional distress also requires that the Plaintiff suffer emotional distress. *Page v. Benson*, 101 So. 3d 545, 555 (La. Ct. App. 2012). Plaintiff, however, has not alleged any facts showing that he suffered emotional distress. (Doc. 13). His intentional and negligent infliction of emotional distress claims are dismissed.

    4.    **False Arrest/Imprisonment**

Under Louisiana law, "a law enforcement officer may arrest a person without a warrant when that officer has 'reasonable cause' to believe that the person to be arrested has committed an offense." *State v. Smith*, 960 So.2d 369, 375 (La. Ct. App. 2007) (quoting La. C. Cr. P. art. 213). This requires that an officer have probable cause for the arrest. *Id.* In Louisiana, the two essential elements of a false

imprisonment claim are: "(1) detention of a person; and (2) the unlawfulness of such detention." *Anderson v. Wal–Mart Stores, Inc.*, 675 So.2d 1184, 1186 (La. App. Ct. 1996); *see also Kyle*, 353 So.2d at 971 ("False arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority."). Under Louisiana law, false imprisonment requires "a total and unlawful restraint of a person's freedom of locomotion." *Rawls v. Daughters of Charity of St. Vincent De Paul, Inc.*, 491 F.2d 141, 146 (5th Cir. 1974). For the reasons the Court previously found that Plaintiff stated a claim for false arrest and false imprisonment under § 1983, Plaintiff has also stated a claim under Louisiana law for false arrest and imprisonment.

5. **Malicious Prosecution.**

Unlike federal law, Louisiana recognizes a cause of action for malicious prosecution. *See Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984). The elements of the claim are: "(1) the commencement or continuation of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Deville v. Marcantel*, 567 F.3d 156, 173 (5th Cir. 2009) (citing *Jones*, 448 So.2d at 1271). Here, Plaintiff has not alleged that criminal proceedings commenced against him or were terminated in his

favor. He has therefore not sufficiently pleaded the elements of malicious prosecution, and his malicious prosecution claim is dismissed.

### 6. Vicarious Liability of Sheriff Gautreaux

Plaintiff also claims that Sheriff Gautreaux is liable under the doctrine of *respondeat superior* for the actions of Deputy Jamison. (Doc. 13 at ¶ 9). Unlike its federal counterpart, Louisiana law provides for an imposition of liability upon Deputy Jamison's employer, Sheriff Gautreaux, via *respondeat superior*. *See* La. Civ. C. Art. 2320 ("masters and employers are answerable for the damage occasioned by their servants."). Plaintiff adequately states a claim for vicarious liability because he alleges that Deputy Jamison was acting under the control of Sheriff Gautreaux and during the scope of his employment. (*See* Doc. 13 at ¶ 10).

### 7. Punitive Damages

Punitive damages are only available when a defendant's conduct "is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." *Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (internal quotations omitted). Reckless or callous indifference requires "recklessness in its subjective form," i.e. "a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." *Id.* Here, given that Plaintiff alleges that Deputy Jamison slammed him to the ground after he fully complied with Deputy Jamison's order, the Court can draw a reasonable inference that Deputy Jamison may have acted with reckless indifference. The Plaintiff, therefore, has adequately stated a claim for punitive damages under § 1983.

IV. CONCLUSION[5]

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 5)** filed by Sheriff Gautreaux is **DENIED** as **MOOT**.

**IT IS ORDERED** that the **Motion to Dismiss the Amended Complaint (Doc. 9)** filed by Sheriff Gautreaux is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 23)** filed by Deputy Jamison is **GRANTED IN PART AND DENIED IN PART**.

Baton Rouge, Louisiana, this 6th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[5] The Court also notes that Plaintiff's two-and-a-half page Opposition to the Motions to Dismiss was lacking in legal arguments. (*See* Doc. 25). Plaintiff brought numerous claims in his Complaint, Defendants sought to dismiss all of them, and then Plaintiff provided conclusory arguments in response without citing to legal authority—except for the general standard for a motion to dismiss. The Court expects far more from anyone who practices in this Court.