# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SHAUN CHRISTOPHER LEE                    CIVIL ACTION

VERSUS

L'AUBERGE CASINO & HOTEL, ET AL.        NO. 3:16-00840-BAJ-EWD

## RULING

Before the Court is a *Motion for Summary Judgment Pursuant to FRCP 56* filed on behalf of Defendant, Pinnacle Entertainment, Inc. (Doc. 41).[1] The *Motion* is unopposed. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is unnecessary. For the following reasons, the *Motion* shall be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case features the challenges of naming the proper corporate defendant in a case where associated corporate entities avail themselves of the forum state's laws governing the creation and obligations of limited liability companies ("LLC"). On December 5, 2015, Plaintiff, Shaun Christopher Lee (hereinafter "Plaintiff") claims that he had an argument with another patron at a poker table at L'Auberge Casino & Hotel Baton Rouge. (Doc. 13 at p. 2). Plaintiff alleges that after employees of Pinnacle Entertainment Inc. "chased" him from the casino's premises, East Baton Rouge Parish Sheriff's Deputy James Jamison ordered Plaintiff to stop in the casino's parking lot. (Doc 13 at pp. 2-3). Although Plaintiff alleges he immediately complied

---

[1] d/b/a L'Auberge Casino & Hotel Baton Rouge.

with the order, Plaintiff claims that Deputy Jamison slammed him into the ground, causing him to fracture his wrist. (Doc. 13 at p. 3).

On or about May 10, 2016, Plaintiff filed a *Petition for Damages* in the 19th Judicial District Court against Sid Gautreaux, as the Sheriff for East Baton Rouge Parish (hereinafter "Defendant Gautreaux").[2] In an effort to file a lawsuit against the casino, Plaintiff also named L'Auberge Casino & Hotel Baton Rouge as an additional Defendant. (Id.). Plaintiff asserted 42 U.S.C. § 1983 claims arising under the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1-1; Doc. 13). Plaintiff also alleged that Defendant Gautreaux was liable for the following Louisiana state law claims: assault; battery (excessive force); failure to provide medical attention; negligent and intentional infliction of emotional distress; cruel treatment; false arrest/imprisonment; malicious prosecution; deliberate indifference; and failure to train, screen, and supervise. (Doc. 1-1, p. 3; doc 13, pp. 3-6). Plaintiff further asserted that Defendants were liable under the theory of *respondeat superior*. (doc. 1-1, p. 4; Doc 13 pp. 4,6).

Subsequently, on December 13, 2016, L'Auberge Casino & Hotel Baton Rouge removed the case to this Court pursuant to 28 U.S.C. § 1441; Defendant Gautreaux consented to removal. (Doc. 1; Doc. 2). Following removal, Defendant Gautreaux filed

---

[2] Plaintiff's *Petition for Damages* was dismissed in part as to Defendant Gautreaux by *Order* of this court dated September 9, 2018. Plaintiff's 42 U.S.C. § 1989 official capacity claims, 42 U.S.C. § 1989 individual capacity claims, and Plaintiff's state law claims for cruel treatment, deliberate indifference, failure to provide medical attention, intentional and negligent infliction of emotional distress, and malicious prosecution were dismissed as to Defendant Gautreaux. Defendant Gautreaux remains a party to this litigation under the theory of *respondeat superior*, based on the court's finding that Defendant has properly plead several causes of action arising out of Defendant Jamison's alleged conduct.

a *Motion to Dismiss* on Rule 12(b)(6) grounds. (Doc. 5). In response, Plaintiff filed his *First Supplemental and Amended Complaint*, in which he substituted Pinnacle Entertainment Inc. d/b/a L'Auberge Casino & Hotel Baton Rouge for L'Auberge Casino & Hotel Baton Rouge as a Defendant. (Doc. 8). Thereafter, Defendant Gautreaux filed a *Motion to Dismiss First Supplemental and Amended Complaint*. (Doc. 9). One week later, Plaintiff filed a *Second Amended Complaint*, which he later, in response to the Magistrate Judge's *Order*, replaced with a *Comprehensive Amended Complaint*. (Doc. 13; Doc. 14). In his *Comprehensive Amended Complaint*, Plaintiff added East Baton Rouge Parish Sheriff's Deputy James Jamison (hereinafter "Defendant Jamison") as an additional Defendant. (Doc. 13). In response, Defendant Jamison filed a *Motion to Dismiss Comprehensive Complaint*. (Doc. 23).[3]

Pinnacle Entertainment, Inc. now seeks summary judgment on two grounds. (Doc. 41). First, Pinnacle Entertainment, Inc. asserts that there is no genuine dispute of material fact. Pinnacle Entertainment, Inc. argues that due to its relationship to the owner and operator of L'Auberge Casino and Hotel Baton Rouge, PNK (Baton Rouge) Partnership, Plaintiff cannot sustain a viable claim against it. In particular, Pinnacle Entertainment, Inc. argues that it is not liable for the debts or obligations of any limited liability company or companies that it owns. In the alternative, Pinnacle Entertainment, Inc. contends that there is no genuine dispute of material fact that it, or any other alleged owner of L'Auberge Casino and Hotel Baton Rouge,

---

[3] Plaintiff's *Comprehensive Complaint* was dismissed in part as to Defendant Jamison by *Order* of this court dated September 9, 2018. Plaintiff's 42 U.S.C. § 1989 official capacity claims and Plaintiff's state law claims of failure to provide medical attention, intentional and negligent infliction of emotional distress, and malicious prosecution were dismissed as to Defendant Jamison.

could be liable for the actions of Defendant Jamison because he was an independent contractor.

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(*quoting Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)). "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(*citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'" *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986))). If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'" *Rivera v. Houston Independent School Dist.*, 349

F.3d 244, 247 (5th Cir. 2003)(*quoting Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)). However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).

"A genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must resolve all reasonable factual inferences in favor of the nonmoving party. *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(*citing Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'" *Nat'l Ass'n of Gov't Employees v. City Pub. Serv.*

*Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(*quoting Anderson*, 477 U.S. at 249)(citation omitted)).

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3. (5th Cir. 1995)(*quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1995)). Therefore, the moving party still bears the burden of demonstrating the absence of a material fact. However, under Local Rule 56(b) of this Court, a party's failure to oppose a motion for summary judgment allows the Court to conclude that all facts contained in the movant's Statement of Uncontested Material Facts (Doc. 41-3) are deemed to be admitted.

## III. ANALYSIS

As an initial matter, considering that Plaintiff has not opposed Pinnacle Entertainment, Inc.'s *Motion*, the Court shall deem all of the facts contained in Pinnacle Entertainment, Inc's *Statement of Uncontested Material Facts* as admitted. (Doc. 41-3).

On the date of the alleged incident, L'Auberge Casino and Hotel Baton Rouge was owned and operated by PNK (Baton Rouge) Partnership. (Doc. 41-1; Doc. 41-3). PNK (Baton Rouge) Partnership is a Louisiana partnership owned by two limited liability companies formed under the laws of Delaware, PNK Development 8, LLC

and PNK Development 9, LLC. (Doc. 41-1; Doc. 41-3).[4] Both PNK Development 8, LLC and PNK Development 9, LLC are wholly owned by Pinnacle MLS, LLC, a Delaware limited liability company. (Id.). Pinnacle MLS, LLC, is a wholly-owned company of Pinnacle Entertainment, Inc. (Id.).[5] Pinnacle Entertainment, Inc. is a Delaware corporation, incorporated in the State of Delaware, with its principle place of business in the State of Nevada. (Doc. 41-1).

Based upon the foregoing corporate structure, Pinnacle Entertainment, Inc. argues that as a member of PNK (Baton Rouge) Partnership through PNK Development 9, LLC and PNK Development 8, LLC, it cannot be liable for the obligations of the partnership under either Louisiana or Delaware law. The Court agrees.

Louisiana law considers a limited liability company and its members to be wholly separate persons. *See* La. Civ. Code art. 24; *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So.3d 888, 894-95. The liability of a limited liability company's members is governed by Louisiana Revised Statute § 12:1320, which provides, in pertinent part, as follows:

> B.     Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

---

[4] The VP and Legal Counsel for Pinnacle Entertainment, Inc., Elliot D. Hoops, attested via affidavit that "PNK Development 9, LLC and PNK Development 8, LLC are the two partners in a Louisiana partnership, formed in the State of Louisiana named PNK (Baton Rouge) Partnership." (Doc. 41-1).

[5] The VP and Legal Counsel for Pinnacle Entertainment, Inc., Elliot D. Hoops, attested to the fact that "Pinnacle Entertainment, Inc., is the sole member of Pinnacle MLS, LLC," and that "MLS, LLC is the sole member of many limited liability companies, including, PNK Development 9, LLC and PNK Development 8, LLC." (Doc. 41-1).

C. A member, manager, employee or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such person's rights against or liability to the limited liability company.

D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against such person because of any fraud practiced upon it by him.

LA. REV. STAT. § 12:1320 (B-D). Therefore, in general, members of a limited liability company are not liable for the debts, obligations, or liabilities of the limited liability company. Nonetheless, La. R.S. 12:1320(D) is the exception to the general protection afforded to members of a limited liability company in instances of fraud, breach of a professional duty, or negligent or wrongful acts. La. R.S. § 12:1320(D); *Ogea*, 130 So.3d at 897.

Pinnacle Entertainment, Inc. 's status as the sole member of Pinnacle MLS, LLC, which is the sole member and parent company of two other limited liability companies that comprise PNK (Baton Rouge) Partnership, does not, in and of itself, render it liable for the obligations of PNK (Baton Rouge) Partnership. Although La. R.S. 12:1320(D) identifies certain exceptional circumstances that allow for the imposition of personal liability on a member of a limited liability company, Plaintiff has not carried his evidentiary burden on summary judgment of showing that any of these exceptions enumerated under LA. REV. STAT. § 12:1320 are applicable here.

Here, a review of the corporate structure set forth by Defendant (Doc. 41-3), and unchallenged by Plaintiff, reveals that the proper party against which suit should have been filed is PNK (Baton Rouge) Partnership, not Pinnacle Entertainment, Inc.

Plaintiff has failed to establish any other legal theory by which this Court may impose liability against Pinnacle Entertainment, Inc. . Louisiana courts have generally allowed for the "piercing of the corporate veil" in "one of two exceptional circumstances" – "when the company is the 'alter ego' of the members and has been used to defraud third parties, or when the members have failed to conduct business on a 'corporate footing' such that it is not possible to distinguish the corporation from its managers." *Hodge v. Strong Built International, LLC*, 14-1086 (La.App. 3rd Cir. 3/4/15), 159 So.3d 1159, 1163 (*citing Charming Charlie, Inc. v. Perkins Rowe Assoc., L.L.C.*, 11-2254, pp. 7-8 (La.App. 1 Cir. 7/10/12), 97 So.3d 595, 599)).

The Louisiana Supreme Court has identified five non-exclusive factors to be used in determining whether to apply the alter ego doctrine:

1) commingling of corporate and shareholder funds;
2) failure to follow statutory formalities for incorporating and transacting corporate affairs;
3) undercapitalization;
4) failure to provide separate bank accounts and bookkeeping records; and
5) failure to hold regular shareholder and director meetings.

*Riggins v Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991) (*citing Kingsman Enterprises v. Bakerfield Elec. Co.*, 339 So.2d 1280 (La.App 1 Cir. 1976); *Smith-Hearron v. Frazier, Inc.*, 352 So.2d 263 (La.App 2 Cir. 1977), *writ denied*, 353 So.2d 1337 (La. 1978)). These factors are equally applicable to determine whether an LLC

is an alter ego for another entity. *See ORX Res., Inc. v. MBW Expl., L.L.C.*, 2009-0662 (La.App 4 Cir. 2/10/10), 32 So.3d 931, 936, *writ denied*, 2010-0530 (La. 5/7/10), 34 So.3d 862. The court finds it notable that even after a period of discovery, Plaintiff has not offered any evidence or even alleged any facts to suggest that PNK (Baton Rouge) Partnership is an alter ego for Pinnacle Entertainment, Inc. or any other evidence that would justify piercing the corporate veil in this case.

The fact that Pinnacle MLS, LLC, PNK Development 8, LLC, PNK Development 9, LLC, and Pinnacle Entertainment, Inc. were formed under the laws of Delaware does not alter the Court's analysis or conclusion. Delaware law, like Louisiana law, also limits the exposure of limited liability company members for the debts, obligations, and liabilities of the LLC.[6]

Accordingly, the Court finds that there is no genuine dispute of material fact, in this case, that Pinnacle Entertainment, Inc. is not individually liable for the obligations of PNK (Baton Rouge) Partnership as the owner of L'Auberge Casino and Hotel Baton Rouge.[7]

---

[6] *See* 6 DEL. C. § 18-303(A) ("The debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.) *See also*, Del. L. of Corp. and Bus. Org. § 20.7. ("A significant advantage of an LLC as an alternative form of legal entity is that the members and managers have limited liability to third parties. The Act provides that the debts, obligations, and liabilities of a Delaware LLC, whether arising in contract, tort, or otherwise, shall be solely the debts of the Delaware LLC as an entity.").

[7] Considering that the Court has determined that Pinnacle Entertainment, Inc. is not individually liable for the obligations of PNK (Baton Rouge) Partnership as the owner of L'Auberge Casino and Hotel Baton Rouge, the Court need not address the merits of Pinnacle Entertainment, Inc. 's alternative argument.

## IV. CONCLUSION

For the foregoing reasons, Pinnacle Entertainment, Inc.'s *Motion for Summary Judgment Pursuant to FRCP 56* is hereby granted. (Doc. 41.). Accordingly, Pinnacle Entertainment, Inc. d/b/a/ L'Auberge Casino & Hotel Baton Rouge is hereby dismissed from this action.

Baton Rouge, Louisiana, this **26th** day of September, 2018.


**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**